UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
                                                  :
MARIA TORRES,                                     :
                                                  :
                              Plaintiff,          :
                -against-                         :    Civil Action No. _____
                                                  :
                                                  :
CAPITAL ONE FINANCIAL CORPORATION,                :
                                                  :
                              Defendant.          :
                                                  :
------------------------------------------------- x

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Capital One Financial Corporation ("Defendant"),[1] by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby removes the case captioned *Maria Torres v. Capital One Financial Corporation*, bearing Index No. 159501/2024 and pending in the Supreme Court of the State of New York, County of New York, to the U.S. District Court for the Southern District of New York. This matter may be removed under 28 U.S.C. §§ 1332, 1441 and 1446 on the grounds that this is a civil action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. The foregoing facts were true at the time that Plaintiff Maria Torres ("Plaintiff") filed her Summons with Notice and remain true today.

---

[1] Plaintiff incorrectly named Capital One Financial Corporation as the defendant in this action. Plaintiff was instead employed by Capital One, National Association ("Capital One, N.A."). Even if Plaintiff amended her Complaint to correctly name Capital One, N.A. as the defendant, diversity would still exist. *See* Declaration of Jason S. Frank, a true and correct copy of which is attached hereto as **Exhibit C**, at ¶ 4.

**A.    THE STATE COURT ACTION**

1.    On or about October 14, 2024, Plaintiff filed a Summons with Notice in the New York Supreme Court, County of New York against Defendant.  A true and correct copy of the Summons with Notice is attached as **Exhibit A**.

2.    The Summons with Notice alleges that Defendant discriminated against Plaintiff in violation of New York State Executive Law § 296.  *See* Ex. A.

3.    On or about October 22, 2024, Defendant was served with a copy of the Summons with Notice through personal service upon a registered agent.  A true and correct copy of the Notice of Service of Process is attached as **Exhibit B**.

4.    The Summons with Notice and Notice of Service of Process constitute all pleadings, processes and/or other documents received by Defendant or otherwise filed in this action to date in compliance with 28 U.S.C. § 1446(a).

**B.    REMOVAL IS TIMELY**

5.    A defendant in a civil action has thirty days from the date it is validly served with an initial pleading to remove the action to federal court.  28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

6.    Service on Defendant was effected on October 22, 2024, and this filing is made within 30 days of that service.  As such, this removal is timely.

**C.    DIVERSITY REMOVAL IS PROPER PURSUANT TO  28 U.S.C. §§ 1332
        AND 1441**

7.    The above-described action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).  This is a civil action between citizens of different states such that complete

diversity exists, and where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1441(b).

8.      Under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure."  *Id*. at 87.  "A statement 'short and plain' need not contain evidentiary submissions."  *Id.* at 84.

**Plaintiff Is a Citizen of New York**

9.      In the context of diversity jurisdiction, an individual's citizenship is determined by her domicile.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  Domicile is based on a person's residence and intent to remain there, and "[a]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of [her] domicile."  *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).  Where an individual's residence is clear, the court need not inquire into a party's intent to remain in that state.  *Molokotos-Liederman v. Molokotos*, 23-CV-1654(VM), 2023 WL 5977655, at *6 (S.D.N.Y. Sept. 14, 2023) (quoting *Bogan v. Northwestern Mut. Life Ins. Co.*, 103 F. Supp. 2d 698, 700 (S.D.N.Y. 2000)).

10.     Plaintiff's Summons with Notice reflects that the basis of venue in New York County is based on her residency in that venue pursuant to CPLR § 503(a).  *See* Ex. A.  Plaintiff's Summons with Notice therefore constitutes *prima facie* evidence that Plaintiff is a citizen of the State of New York.

**Defendant Is a Citizen of Delaware and Virginia**

11.    A corporation is a citizen of the state by which it has been incorporated and of the state where it maintains its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)). The principal place of business "refers to the place where the corporation's high officers direct, control, and coordinate the corporation's activities" and is typically found at the corporation's headquarters. *Id*. at 81.

12.    "A corporation may have dual citizenship for purposes of diversity jurisdiction." *Zadora-Gerlof v. Axa Nordstern Art Ins. Corp.*, No. 01-CV-11828(RO), 2022 WL 31324138, at *1 (S.D.N.Y. Oct. 17, 2022) (citing *In re Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 76 (2d Cir. 1996)). Diversity jurisdiction exists if the state of incorporation and principal place of business are both diverse from all other parties. *Sty-Lite Co. v. Eminent Sportswear, Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000).

13.    Defendant is a corporation organized under the laws of the State of Delaware. *See* Ex. C at ¶ 5. Defendant maintains its headquarters and principal place of business in the State of Virginia. *Id.* at ¶ 6. Based on the foregoing, Defendant is not a citizen of the State of New York. *Id.* at ¶ 7.

**Complete Diversity Exists**

14.    Complete diversity of citizenship exists because Plaintiff is a citizen of New York, and Defendant is a citizen of Delaware and Virginia.

**D.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15.    Without admitting liability as to any and/or all of Plaintiff's claims for relief, which Defendant expressly denies, Plaintiff's Summons with Notice establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(A)-(B)

(recognizing that the amount in controversy may be established by facts pled in the Notice of Removal).

16.     With regard to the Summons with Notice, where a defendant seeks removal on diversity grounds, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

17.     Plaintiff's Summons with Notice seeks monetary damages (inclusive of interest and attorneys' fees) in an amount no less than $250,000. Plaintiff's alleged compensatory damages itself can be deemed the amount in controversy.

**E.     VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK**

18.     28 U.S.C. § 1441 provides that any civil action brought in state court over which the U.S. district courts have original jurisdiction may be removed to the district court embracing the place where the state court action is pending.

19.     Without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of motion, responsive pleading, or otherwise, venue is proper in this Court under 28 U.S.C. § 1446(a) because the U.S. District Court for the Southern District of New York is the district that encompasses the New York County Supreme Court.  *See* 28 U.S.C. § 112(b).

**F.     SATISFACTION OF 28 U.S.C. § 1446 REQUIREMENTS**

20.     Pursuant to 28 U.S.C. § 1446(d), written notice of this filing of the Notice of Removal will be simultaneously delivered to Plaintiff and filed with the Clerk of the New York Supreme Court for the County of New York in the state court action.

## **CONCLUSION**

21.     As set forth above, the diversity and amount in controversy requirements are met, as are all other technical requirements under 28 U.S.C. §§ 1332, 1441 and 1446.

22.     Defendant therefore respectfully requests that this Court exercise its removal jurisdiction over this action.

Dated: New York, New York
          November 8, 2024

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

By /s Aaron Warshaw
     Aaron Warshaw
     Maggie Delany
     599 Lexington Avenue, 17th Floor
     New York, New York 10022
     (212) 492-2500
aaron.warshaw@ogletree.com
maggie.delany@ogletree.com

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Aaron Warshaw, hereby certify that, on November 8, 2024, I caused the within Notice of Removal to be submitted electronically to the Clerk of the Court for the U.S. District Court for the Southern District of New York, and a copy of the within pleading to be served via email and overnight delivery, postage prepaid, upon:

Stephen Pipenger, Esq.
Bryant & Pipenger, LLP
68 Jay Street, Suite 201
Brooklyn, New York 11201
*Attorneys for Plaintiff*

/s Aaron Warshaw
Aaron Warshaw